IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 26, 2012 Session

**CATHERINE LEE POINDEXTER, v. JOHN M. POINDEXTER, SR.**

**Appeal from the Chancery Court for Sumner County**
**No. 2010D-367      Hon. Tom E. Gray, Chancellor**

---

**No. M2011-02282-COA-R3-CV - Filed August 7, 2012**

---

This is a divorce action filed by the wife and counter-complaint by the husband both seeking the divorce.  After the trial, the Trial Court divided the marital property, granted the wife a divorce, and granted the wife alimony.  The husband has appealed.  We affirm the award of alimony, but modify the marital property division.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed, as Modified.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which  D. MICHAEL SWINEY, J., and JOHN W. MCCLARTY, J., joined.

Michael T. Fort, Franklin, Tennessee, for the appellant, John M. Poindexter, Sr.

John R. Phillips, Jr., and Brandon R. Meredith, Gallatin, Tennessee, for the appellee, Catherine Lee Poindexter.

**OPINION**

The wife filed a Complaint for Divorce against the husband, alleging the parties had been married since 1984, and had separated in 2010.  Further, that one child was born of the marriage, who is an adult.  She alleged grounds of adultery, and inappropriate marital conduct, and filed a Motion seeking exclusive possession of the marital residence pending trial, since the husband had left.

The parties filed an Agreed Order allowing the wife to maintain exclusive possession of the marital residence, and the Court ordered the husband to pay the wife $1,200 per month in temporary alimony.

The husband answered, denying that he was guilty of adultery or inappropriate marital conduct, and later filed an Amended Answer and Counter-Complaint alleging that the wife was guilty of inappropriate marital conduct.

The case went to trial on August 9, 2011. At trial both parties testified, as well as several other witnesses.

Following trial, the Trial Court entered a Judgment and found that the husband was more at fault than the wife in the demise of the marriage, and granted the wife the divorce. The Court awarded the wife her separate property of some furniture, a laptop, and her clothes and jewelry, and awarded the husband his separate property consisting of a TV, tools, clothing, etc. The Court then went through the marital assets and awarded the wife the house, her 2003 Impala, and the furnishings. The husband was assessed the value of the 1999 Firebird, bass boat, motorcycle, and 2000 Chevy truck that he had disposed of. The husband was also awarded tools and equipment, a boat seat and PVC pipe.

The wife was ordered to pay all of the credit card debt of $15,192, and the mortgage on the house. The husband was ordered to pay the line of credit on the house,[1] the tax liens, and the debt to Baptist Hospital. The Court found that the wife had a need for alimony and the husband had the ability to pay, and the Court awarded the wife $1,000 per month in alimony in futuro. The Court expressly stated that in making this alimony award, it had considered the other adults living with the wife. The Court also found that since the wife received a greater share of the marital estate, there would be no award of fees.

The husband filed a Notice of Appeal, and the issues raised on appeal are:

1.      Whether the Trial Court erred in its division of marital property and debts?

2.      Whether the Trial Court's award of alimony in futuro to wife is appropriate?

The husband contends the Trial Court erred in its division of the marital estate. The husband concedes the Trial Court is to make an equitable distribution of the marital estate

---

[1] A second mortgage on the house to Regions Bank for $15,000 for husband's carpet business which has not been paid.

by weighing the relevant factors enumerated in Tenn. Code Ann. §36-4-121(c), and that an equitable distribution is not always an equal one. *Larsen-Ball v. Ball*, 301 S.W.3d 228 (Tenn. 2010). As the Court further stated in that case, "[w]e give great weight to the trial court's division of marital property and 'are disinclined to disturb the trial court's decision unless the distribution lacks proper evidentiary support or results in some error of law or misapplication of statutory requirements and procedures.' " *Id., quoting Keyt v. Keyt*, 244 S.W.3d 321, 327 (Tenn. 2007).

As noted, trial courts have broad discretion in dividing the marital estate, and are required to give weight to the most relevant factors in light of the facts of each case. *Larsen-Ball.* We review the trial court's findings of fact *de novo* with a presumption of correctness and honor those findings unless the evidence preponderates to the contrary. *Id.*; Tenn. R. App. P. 13(d). When issues of witness credibility and weight of testimony are involved, we afford considerable deference to the trial court's findings of fact. *Id*.

In this case, the parties were married for 26 years, so the marriage was of long duration. The parties are of similar age and physical health, with the wife having recently gone through a heart attack and bypass surgery, and the husband suffering from diabetes. The husband's skills give him a greater earning capacity, as demonstrated by the disparity in the parties' incomes. The wife had worked both as a wage earner and a homemaker during the marriage, and both parties had contributed to the marital estate. The husband had a greater ability to acquire assets in the future due to his greater earning capacity/income. Neither party had any significant separate property, and apparently neither had much of a separate estate at the time of their marriage. There was no proof regarding tax consequences from the divorce, and the only other economic circumstances testified to were that the economy was slow, the housing market was down, and jobs were not plentiful.

The only significant asset contained in the parties' marital estate was the marital residence. The wife valued the marital residence at $129,000 and husband valued it at $150,000, but they agreed that the first mortgage balance was a little over $64,000. The only other asset of any value was the 2003 Impala, which the wife and the husband valued at $4,500 and $5,400, respectively. The husband concedes the wife should have the house, but wanted her to take all of the associated debt, including the tax liens.

The Trial Court gave the house to the wife (along with the first mortgage) but ordered the husband to be responsible for the line of credit and tax liens. The Trial Court also, ordered the wife to pay the remaining marital debt, of over $15,000. The assets awarded to the husband, aside from some tools and personalty, were the values of vehicles and a bass boat that the husband testified he had traded/sold after the parties separated.

The Trial Court's division of the marital estate is not equitable, however, considering the factors set forth in the statute. The wife is nearly 60 years old, with little earning capacity and fairly significant health problems. As she testified, if the house were ordered to be sold in today's market, the value/equity would be minimal for both parties, as the housing market is unquestionably slow. The wife testified that it would be unlikely that she could get a small apartment for what she was paying in a monthly mortgage payment (a little over $600 per month). Given her modest income, the wife would have little likelihood of acquiring assets in the future on her own, and it would be doubtful that she would ever be able to replace this lost asset, especially for the existing low mortgage payment.

The husband's income, on the other hand, was more than double that of his wife, and while he testified that his diabetes caused him some problems, he admitted that he had not missed more than ten days of work in the last three years. He admitted that he used to do a lot of "side jobs" to earn extra income, but claimed that he had not in the last three years. The husband's earning capacity alone puts him in a much better position for future acquisition of assets than the wife. We conclude the Trial Court properly awarded the wife the marital residence, however, we modify the Trial Court's property division that leaves the wife 100% of the marital estate, except items of personalty, which according to the wife's figures would be $35,727.72. The wife will pay the marital debts, which include the mortgages and any debts secured by the marital residence.

The husband next argues that the Trial Court erred in its award of $1,000 per month in alimony to the wife. The statutory factors requiring the Court's considering when making an alimony award is set forth in Tenn. Code Ann. §36-5-121.

The two most important factors to consider are need and ability to pay. *Robertson v. Robertson*, 76 S.W.3d 337 (Tenn. 2002). Moreover, the court has wide discretion in its award of alimony, and the award will not be overturned unless the court manifestly abused its discretion. *Id.*

We reiterate that this was a marriage of long duration, and the parties were of similar age and health. The husband had a much greater earning capacity, however, and apparently had more marketable skills. Neither party had a significant separate estate, and both parties contributed to the marriage. The husband was found to be at greater fault for the demise of the marriage, as he admitted to having more than one affair.

The husband admitted that he had money left over each month, even with projected expenses for rent, water and utilities that he was not paying at the time of trial. He estimated that he would have to spend $550 per month to get an apartment, but at the time of trial he was living on his son's boat and only paying the boat slip rental of $250. He projected car

-4-

expenses of $300 per month because he said he needed a car and thought it would cost at least that much, and further projected cable and water expenses of $150 per month that he also was not yet paying. Considering all of these future, estimated expenses, the husband admitted that he would have about $861 per month left over.

The wife, by contrast, testified that her monthly expenses exceeded her monthly net income by $1,700 per month. It was not shown that the wife's expenses were overstated or unreasonable, and the wife testified that she had no means of making up the difference without the husband's help. She further explained that the expenses she had listed were just for her, and did not include any amounts attributable to her adult children that were living in her home.[2]

The Trial Court compared the parties' circumstances, and found the wife had a real need and the husband had the ability to pay alimony. The Court further stated that it had considered the other persons living in the wife's household, but still felt that $1,000 per month was appropriate. We conclude the Trial Court did not err in awarding alimony to the wife.

For the foregoing reasons, the Judgment of the Trial Court is affirmed, as modified, and the cause remanded, with the cost of the appeal assessed one-half to John M. Poindexter, Sr., and one-half to Catherine Lee Poindexter.

_____
HERSCHEL PICKENS FRANKS, P.J.

---

[2]The wife testified that her daughter had obtained a divorce in January and moved in with her mother, but didn't have money to contribute or pay rent. The wife further testified that there was no intention that the other members of her family would live in the house permanently.